**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF WASHINGTON, et al.,

                    Plaintiffs,

      v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
et al.,

                    Defendants.

C.A. No. 1:25-cv-00626-MSM-AEM

SECOND DECLARATION OF
NICHOLAS MONDAU

1

## SECOND DECLARATION OF NICHOLAS MONDAU

I, Nicholas Mondau, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am over the age of 18 and competent to testify.

2.      I am the Federal Programs Manager in the Homelessness Assistance Unit at the Washington State Department of Commerce (Commerce).

3.      I have managed state and federal programs at Commerce, including the Continuum of Care Program, since 2006.

4.      I am familiar with the information in the statements set forth below either through personal knowledge, consultation with Commerce staff, or from my review of relevant documents and information.

5.      I previously submitted a Declaration in this case concerning the impacts of the U.S. Department of Housing and Urban Development's (HUD) issuance of the November 13, 2025 CoC NOFO (the "2025 NOFO") on Commerce, the Washington Balance of State Continuum of Care (CoC), the agencies and service providers who constitute the CoC, and homeless individuals and families across the state.

6.      On December 8, 2025, HUD withdrew the 2025 NOFO in its entirety, rescinding the active federal funding competition for CoC grants. HUD announced this action by posting a brief notice on its Continuum of Care Program webpage stating that the NOFO had been withdrawn to allow for "appropriate revisions," and by removing the NOFO from its website. No advance notice was provided to Continuums of Care, local governments, or applicants, and no replacement timeline was issued at the time of the withdrawal.

7.      Attached hereto as Exhibit 1 is a true and correct copy of an email I received from HUD's Seattle field office on December 8, 2025, notifying me of the withdrawal.  That notification provided a link to the notice on HUD's website but explained that the field office "d[id]n't have any additional information."

8.      HUD's sudden withdrawal of the 2025 NOFO greatly compounded the confusion and disruption I described in my previous declaration. On December 8, Commerce and providers across the state were in the final stages of trying to meet the December 15, 2025 deadline for local competition applications imposed by the 2025 NOFO, after having already expended substantial time and resources to apply and compete under that NOFO's specific terms and conditions.

9.      The two-month timeline under the 2025 NOFO was difficult, chaotic, and ultimately unworkable for many providers across the CoC who were faced with impossible choices between overhauling their programs against overwhelming evidence and experience and in violation of their missions and values or foregoing funding without which they could not operate.

10.      HUD's withdrawal of the 2025 NOFO and its announced intention to issue yet another NOFO with different terms means that much or potentially all of that time, money and effort was wasted. It also takes the competition and application process back to square one, since projects cannot prepare their applications if they don't know how those applications will be scored. Commerce cannot provide technical assistance to projects or make preparations to conduct the local competition without knowing the terms under which the CoC will be evaluated by HUD. HUD has provided no guidance whatsoever that would allow CoCs to anticipate or adjust for the changes it has indicated it will make, or whether anything they have done over the last few frantic weeks preparing for the December 15, 2025 deadline will have had any use.

11.      HUD's demonstrated willingness to implement radical changes to the NOFO conditions without any prior notice or consultation with CoCs across the country means that we can only guess about what it will do next. HUD's withdrawal notice offered no guidance about when a new NOFO would issue or what its conditions would be, other than to state that it would meet a "deadline" to obligate grant award funds that it did not specify or explain.

12.      Worse, HUD's haphazard withdrawal of the 2025 NOFO will almost certainly cause even further delays before funds can start flowing to providers who rely on predictable CoC grant renewals to keep people housed. HUD has typically set a timeline of three months from issuance to the submission of final applications under NOFOs until this year.  The 2025 NOFO,

with its January 14th deadline for Collaborative Applications, explained that grant funds would likely not be awarded until May 2026. There is typically a two-month lag between when grants are awarded and when funds become available to recipients. That means that, whenever HUD issues a new NOFO, seven months are likely to pass before providers have any hope of receiving the grant funds that form the backbone of their operations.

13.     But CoC grant funds from the previous cycle begin expiring in January of this year. With each passing month in the BoS CoC, projects housing dozens of individuals and families in Washington's rural counties will see their CoC grants expire without knowing their renewal status. This level of uncertainty will cause programs to close, as they rely on CoC renewals both to keep the lights on and as proof of viability that allows them to obtain other sources of grant funding and financing. The longer HUD takes, the more homelessness will increase.

14.     When the 2025 NOFO was rescinded on December 8, HUD had still not released the 2025 Collaborative Application on its official online grant portal, known as e-SNAPS. That online application contains further details about the application not included in the annual NOFO that providers and Collaborative Applicants need in order to prepare their applications.  The absence of that information created additional problems under the withdrawn 2025 NOFO. If any forthcoming NOFO is issued without the online application, the uncertainty, costs and unworkability of the application process will only further increase.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of December 2025.

/s/ **Nicholas Mondau**
Nicholas Mondau
Federal Programs Manager
Homelessness Assistance Unit
Washington State Department of Commerce

4

# Exhibit 1

| | |
|---|---|
| **From:** | Koebnick, Tara R <Tara.R.Koebnick@hud.gov > |
| **Sent:** | Monday, December 8, 2025 12:08 PM |
| **To:** | Schroeder, Sam (COM); Mondau, Nick (COM); Hanauer-Sutton, Cacey (COM) |
| **Cc:** | Sheth, Genie M |
| **Subject:** | FY2025 NOFO Withdrawn |

<div style="border:2px solid red; text-align:center;">

External Email

</div>

Hi All,

I don't have any additional information but wanted you to be aware that the FY25 CoC NOFO has been withdrawn.

Continuum of Care Program | HUD.gov / U.S. Department of Housing and Urban Development (HUD)

Best,

Tara Koebnick, Regional Financial Analyst – Region X
Office of Community Planning & Development, *serving Alaska, Idaho, Oregon, and Washington*
tara.r.koebnick@hud.gov | Desk: 206.220.5258 | Mobile: 202.251.8556

