

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

---

May 5, 2026

**BY ECF**

Hon. Mary S. McElroy
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

*Re:*    *State of Washington, et al. v. United States Department of Housing and Urban Development, et al.*, No. 25-cv-00626-MSM-AEM

Dear Judge McElroy:

Plaintiff States write in response to the Court's request for Plaintiffs' position on whether supplemental briefing would assist the Court in rendering a decision on the pending cross-motions for summary judgment following the First Circuit's denial of Defendants' request for a stay pending appeal, ECF No. 98. Plaintiff States' position is that the fully submitted briefing on cross-motions for summary judgment (ECF Nos. 81, 83, 84, 87), Defendants' motion to dissolve the preliminary injunction (ECF Nos. 89, 90, 91), and Defendants' motion for an emergency stay (ECF Nos. 94, 96) provide the Court with all of the facts and legal arguments necessary for a summary judgment ruling, including the relevance of the 2026 Transportation, Housing and Urban Development, and Related Agencies Appropriations Act ("THUD Act"), Pub. L. 119-75, div. D, tit. II (Feb 3, 2026).

As detailed more fully below, Plaintiff States are gravely concerned by the slow walking[1] that Defendants have exhibited in complying (or failing to comply) with the Court's preliminary injunction and the THUD Act, but those concerns do not affect the scope of the summary judgment motions. Instead, Defendants' noncompliance can be addressed through either a more responsive

---

[1] For example, rather than focusing on efficient and timely compliance with the preliminary injunction, Defendants instead dedicated significant time and resources to moving to dissolve the preliminary injunction, moving to stay the denial of that motion, and then appealing from the denial of that motion.



**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

status report from Defendants or, if necessary, a motion to enforce compliance with the current preliminary injunction or with a permanent injunction should Plaintiff States prevail on their motion for summary judgment.

On the topic of Defendants' noncompliance, and in lieu of filing a separate response to Defendants' May 4, 2026, status report, Plaintiff States take this opportunity to address Defendants' concerning failure to provide critical information in the status report. ECF No. 101. In particular, Defendants:

(1) fail to identify how many Q1 renewals are subject to the "special conditions" Defendants identify as potential roadblocks to timely finalization of awards (*id.* at 2-3);

(2) fail to provide any estimate of how long it will take for Defendants to make funds available to Continuums that have no such special conditions and that immediately submit a countersigned final award agreement (*id.* at 4-5); and

(3) fail to articulate how the February 3 THUD Act could be the source of any disruption to the timely finalization of awards when Defendants apparently completed "capacity reviews" for *all* renewals on March 31, 2026 (*id.* at 3).

Plaintiff States respectfully request that the Court order Defendants to include the above information and a concrete plan of action for complying with the preliminary injunction in their status report due on May 11, 2026.

More troubling still, Defendants apparently take the position that the Court's order in the preliminary injunction that Defendants must "tak[e] all steps necessary to process eligible renewals for FY 2025 CoC funding pursuant to the FY24-25 NOFO, but excluding the obligation of funding and the granting of any specific renewals" to mean that they were not required by the order to engage in the "obligation process" that occurs after the "capacity review" but before the issuance of final grant awards. *Id.* at 2-4. Defendants appear to be conflating the requirements for the *apportionment* of CoC funds, which requires engagement with the Office of Management and Budget ("OMB") in accordance with the Antideficiency Act, with the *obligation* of the funds,



**Office of the New York State Attorney General**

**Letitia James Attorney General**

which occurs when the grant awards are issued. Plaintiff States will address this error in a motion to enforce or other appropriate vehicle as necessary.

Respectfully submitted,

/s/ Stephen Thompson
Stephen C. Thompson
Special Counsel
(212) 416-6183
Stephen.Thompson@ag.ny.gov

cc: Counsel of record (by ECF)